Argued December 14, 1970, reversed and remanded
January 7, 1971

STATE OF OREGON, *Respondent, v.*
ROBERT DONALD SEEGER, *Appellant.*

479 P2d 240

*Nikolaus Albrecht,* Portland, argued the cause and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FOLEY, J.

Defendant was convicted by jury of assault and robbery while armed and sentenced to 18 years' imprisonment. He appeals, making one assignment of error, which was based upon a remark made by the prosecuting attorney immediately after the prosecutor had concluded his opening statement to the jury. At that point the following occurred:

"[COUNSEL FOR DEFENDANT]: Your Honor, we will reserve our opening statement until the time when we put on our evidence.

"[PROSECUTOR]: I object to that kind of a tactic, allowing the defendant to make up a story while the case is going on. And I think the rules should be played in this game.

"THE COURT: Well, it's a matter of discretion.

"[PROSECUTOR]: Yes.

"THE COURT: The motion is allowed. Proceed."

Promptly thereafter, in the absence of the jury, defendant's counsel registered his objection to prosecutor's remark about "allowing the defendant to make up a story while the case is going on," and moved for

a mistrial, which was denied. The court did not instruct the jury to disregard the prosecutor's remark, nor did the prosecutor seek to withdraw it. Defendant assigns as error the failure of the court to allow a mistrial.

The general rule is that a motion for mistrial is addressed to the sound discretion of the trial court and its exercise will not be upset except for a clear abuse. *State v. Smith,* 4 Or App 261, 478 P2d 417 (1970).

 The determination of the propriety of conduct and remarks of counsel also rests in the sound discretion of the trial court because, as a rule, it can best determine when counsel's conduct and remarks are legitimate and when they degenerate into abuse. Such discretion is not arbitrary, however, and whether the trial court's determination involves reversible error depends on the circumstances under which the alleged error arises. *State v. Bailey,* 179 Or 163, 185, 170 P2d 355 (1946); *State v. Banks,* 147 Or 157, 174, 32 P2d 571 (1934); *State v. Newberg et al,* 129 Or 564, 568, 278 P 568, 63 ALR 1225 (1929). See also, 23A CJS 91, Criminal Law § 1083. The test to be applied is whether the defendant was prejudiced by the conduct or remark, i.e., whether the jury was likely influenced thereby. If proof of defendant's guilt is strong, the challenged conduct or remark will not be presumed prejudicial. *State v. Black,* 150 Or 269, 42 P2d 171 (1935). However, an objectionable remark, properly challenged but left uncorrected, may be ground for reversal. *State v. Wilson,* 221 Or 602, 351 P2d 944 (1960).

It is the duty of the attorney for the state to see that the defendant has a fair trial. *State v. Pointer*

*et al,* 106 Or 589, 213 P 621 (1923). The United States Supreme Court in *Berger v. United States,* 295 US 78, 88, 55 S Ct 629, 79 L Ed 1314 (1935), commented on the conduct permitted of the prosecutor:

"* * * He may prosecute with earnestness and vigor—indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. * * *"

■ The statement of the prosecutor in this case that, in permitting defendant to defer making his opening statement, the court was "allowing the defendant to make up a story while the case is going on" created an inference that the prosecutor believed the defendant was going to falsely manufacture and tailor a defense so that it would be consistent with and take advantage of any weaknesses in the state's case. More broadly considered, the statement was an attack upon the character of the defendant at a time when the defendant's character was not in issue.

"The rule, * * * firmly and universally established in policy and tradition, is that the prosecution may not initially attack the defendant's character." 1 Wigmore, Evidence 456, § 57 (3d ed 1940).

Furthermore, the defense was alibi and prosecutor's remark amounted to a disparagement of defendant's alibi defense, with the innuendo that the alibi was going to be fabricated by the defendant during the trial. When objection was made the court failed to recognize the remark as improper. The court's inaction was tantamount to judicial approval of the statement.

It is impossible to tell with any certainty what effect the remark had on the jury. Defendant in rely-

ing on alibi produced two witnesses besides himself who testified he was in Seattle at the time in question. Had the jury believed the defendant and his witnesses, the state's case would have failed. Although it was promptly and properly called to their attention, neither the court nor the prosecutor took any action to neutralize the effect of the prejudicial remark.

> "The rule is well established in this state that the language and conduct of counsel will justify a reversal only when connected with some judicial error on the part of the trial judge. * * *" State v. Dennis, 177 Or 73, 132, 159 P2d 838 (1945).

The failure of the court to take affirmative action, either by instructing the jury to disregard the remark or by allowing the motion for mistrial, was prejudicial error.

■ Since we are remanding for a new trial, one other matter requires comment. An examination of the transcript discloses that the following instruction was given the jury, *inter alia*:

> "* * * [I]f you conclude that the witness is testifying intentionally falsely to you on a material issue in the case, then it's *your duty to disregard all of that witness' testimony.* * * *" (Emphasis supplied.)

That is not the law in Oregon. *Ireland v. Mitchell*, 226 Or 286, 359 P2d 894 (1961), says:

> "Oregon, California, and Montana have statutes which require the trial court to instruct the jury that a witness false in one part of his testimony may be distrusted in others. In Georgia, the jury must disregard the testimony of a false witness. The wording varies from state to state, but in general the statutes are modernized versions of the old maxim, *falsus in uno, falsus in omnibus.* See Annotation, 4 ALR2d 1077, 1096.

"The *Oregon statute has been construed to be advisory to the jury. The jury may reject a witness' testimony, but it need not do so. State v. Goff,* 71 Or 352, 362, 142 P 564. This is the rule in every jurisdiction but Georgia, where the effect of the maxim is mandatory. See Annotation, 4 ALR2d 1077, 1083." (Emphasis supplied.) 226 Or at 290.

Reversed and remanded.