Argued December 14, 1970, reversed and remanded
January 7, 1971

STATE OF OREGON, *Respondent, v.*
ROBERT JUDSON KETCHUM, *Appellant.*

479 P2d 255

*Thomas D. Kerrigan,* Portland, argued the cause and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FORT, J.

Defendant was convicted by a jury of the crime of illegal possession of narcotics. He appeals from the resulting judgment, asserting four assignments of error. On oral argument he expressly abandoned the first three. The remaining one relates to the following instruction, duly excepted to, given by the court:

"* * * However, when evaluating a witness' testimony for whatever reason may appeal to you, witness' demeanor or the witness' interest in the case, witness' motive or other contradictory evidence, and if you so conclude to yourself that in spite of this presumption that the witness is testifying intentionally falsely on a material issue in this case, then it's your duty to reject all of that witness' testimony."

In *State v. Seeger,* 4 Or App 336, 479 P2d 240 (1971), we held a substantially identical instruction to be error, relying on *Ireland v. Mitchell,* 226 Or 286, 359 P2d 894 (1961) and *State v. Goff,* 71 Or 352, 142 P 564 (1914). In the latter case, the court said:

"When a witness has knowingly testified falsely as to a material point in a case, the statute requires the jury to distrust other parts of his evidence, and they may, in their discretion, reject all of his evidence, or they may properly accept and act upon other parts of his evidence, if they believe that, as to those facts, he is telling the truth. A witness may knowingly testify falsely in one part of his testimony and truthfully in other parts. As the jury are the exclusive judges of the credibility of a witness, they may believe parts of his evidence and reject the remainder.

"The trial court is required to instruct the jury that a witness, false in one part of his evidence, is to be distrusted in other portions thereof, but the trial court has not authority to instruct a jury

that, if they believe that a witness has knowingly testified falsely as to a material fact, it is their duty to reject all of his evidence, unless it is corroborated, and to do so is to invade the legitimate province of the jury. * * *" 71 Or at 365.

In its brief, the state concedes the instruction was incorrect but suggests that it was not prejudicial. Here some eight witnesses, including the defendant, testified. The jury was also told by the court,

"You may decide an issue in this case on the evidence of one witness or you may decide the issue on the evidence of ten. It's not the quantity, it's the quality, the credibility. You may believe one as against ten, or vice versa, as the Court indicated to you. * * *"

The challenged instruction was thus made expressly applicable to the testimony of every witness. It was clearly prejudicial.

The judgment is reversed and remanded for a new trial.