Argued September 16, affirmed October 7, 1974

STATE OF OREGON, *Respondent, v.* JOSEPH C.
PAYTON (No. C 73-09-2850 Cr), *Appellant.*

526 P2d 1397

182

*Chris P. Ledwidge,* Portland, argued the cause for appellant. With him on the brief were Ledwidge and Ledwidge and Patrick J. Ledwidge, Portland.

*Rhidian M. M. Morgan,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

LANGTRY, J.

Defendant appeals from a jury conviction of burglary in the first degree—ORS 164.225—contending that motions for mistrial and new trial should have been allowed because the prosecutor "intentionally misstated evidence crucial to a successful prosecution * * *."

The controversial evidence relates to the time when defendant was seen by Officer Ault of the Port-

land police in the vicinity of the burglary. Mrs. Maas, the principal witness against defendant, testified that "at 9:30, about — it was either a few minutes before or a few minutes after" she observed from her kitchen window two men with stereo equipment in their arms standing on the street about 25 feet away. She recognized one of them, the defendant, as having lived across the street from her several years before. According to Mrs. Maas, these men disappeared behind a nearby vacant house, reappeared without the stereo equipment, and then rapidly left the scene. A few minutes later, pursuant to a report of the burglary, police officers arrived and Mrs. Maas told them where she had seen the men go with the equipment. The police then went behind the vacant house and recovered the equipment, later proved to have been stolen from a house in the neighborhood.

During the same morning Officer Ault was on patrol at a point two or three blocks from where the burglary had occurred. On direct examination he stated that the defendant and another man had been stopped in that vicinity ("between 9:00 and 9:30" a.m.) after he had seen them running down the street. On cross-examination defense counsel closely questioned Officer Ault about the time the defendant had been stopped; this questioning resulted in the following exchange:

"Q   Between 9:00 o'clock and 9:15?
"A   Probably."

Officer Ault also testified he had gone to the scene of the burglary "pretty close to * * * right around 9:30."

The defendant took the witness stand and testified on direct examination that Officer Ault had

released him "[a]bout 9:20, 9:25. Somewhere around in that area." On cross-examination he said, "Between 9:15 and 9:30." None of these witnesses claimed that he or she had consulted a timepiece in order to be accurate about the time these events happened.

In argument to the jury the prosecutor reviewed the evidence and said, concerning Mrs. Maas' testimony, that she had seen defendant go behind the house, come out and run from the area, and that "then Officer Ault saw him running down the street and he stopped him * * *." At this point defense counsel objected, "* * * This is not right, and he is totally misleading. Officer Ault stopped him at 9:10." In answer to the objection the court instructed the jury that "* * * the lawyers are not the source of evidence in this case. You will have to rely upon your own recollection as to what the witnesses have testified to." The prosecutor then suggested to the jury that it would recall the testimony of Officer Ault as being that he had stopped the defendant between 9 and 9:30.

When defense counsel subsequently argued to the jury, he stated that Mrs. Maas "was perfectly positive * * *. It was 9:30," and that by the testimony of Officer Ault it was impossible for defendant to have committed the crime because Officer Ault's testimony was that defendant had been stopped and questioned between 9 and 9:15 (conveniently overlooking defendant's own testimony that he had been released by the officer at "9:20, 9:25" or between "9:15 and 9:30").

During his rebuttal argument the prosecutor dealt with the inconsistency that existed in the various estimates of time at which the defendant had been seen by Mrs. Maas and Officer Ault and said, "* * * I'm

not disputing it. There is some sort of inconsistency there. The question is, is it a fatal inconsistency to the State's case?"

Our review of the evidence about "time" indicates that there was no misrepresentation by anyone, and that the disputed evidence was shaded by the prosecutor to support his own case to no greater extent than by defense counsel.

■ In *Zimmerle v. Childers*, 67 Or 465, 136 P 349 (1913), relied upon by defendant, the court ruled that where the trial court permits counsel to go on with improper statements during his final argument "such action is reversible error, unless it can be seen by the appellate court that the adverse party was not injured by such remarks." 67 Or at 474. In *Zimmerle* the remarks made by the plaintiff's attorney to which the defendant objected were remarks that had no basis whatever in the evidence. When the court overruled the objection to the remarks without comment, it erred. That case is properly distinguishable, however, from the instant case, where there was some basis in the evidence for the prosecutor's remarks, and where the prosecutor openly conceded to the jury that there were inconsistencies in the testimony of his witnesses.

■ In response to the objection raised by defense counsel, the court in this case properly instructed the jury that it was to recall the evidence as heard from the witnesses, as distinguished from the way the prosecutor might have represented it. In such a situation we will defer to the discretion of the trial court when it subseqently denies a motion for mistrial or a new trial. *State v. Gill*, 3 Or App 488, 497, 474 P2d 23, Sup Ct

*review denied* (1970). In *State v. Seeger,* 4 Or App 336, 338, 479 P2d 240 (1971), we said:

> "* * * The test to be applied is whether the defendant was prejudiced by the conduct or remark [where it was clearly improper], i.e., whether the jury was likely influenced thereby. If proof of defendant's guilt is strong, the challenged conduct or remark will not be presumed prejudicial * * *."

At bar we conclude that, in view of the court's instruction to the jury, defense counsel's own comments on the same subject and the strong evidence of defendant's guilt, the prosecutor's comments—even if deemed improper—were not prejudicial.

Affirmed.