Argued March 21, affirmed April 14, petition for review
denied June 10, 1975

STATE OF OREGON (No. C 74-02-0530 Cr),
*Respondent, v.* LEROY EDMOND EVANS, aka
EDMOND LEROY EVANS, *Appellant.*
533 P2d 1392

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Rhidian M. M. Morgan,* Assistant Attorney Gener-

al, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Howell, Judges.

SCHWAB, C. J.

Defendant appeals from a conviction for robbery in the first degree in violation of ORS 164.415, making numerous assignments of error.

Defendant was arrested by police officers who were investigating an attempted robbery (not the one for which defendant was tried in the case at bar). At the scene of the arrest, the police obtained defendant's keys to his apartment from him and performed a search, during which several stolen items were seized. Defendant was then brought to the police station where he was allowed to telephone his attorney. The attorney merely told defendant not to sign anything. Defendant was advised of his *Miranda* rights both at the scene of the arrest and at the police station.

Approximately two hours after he was brought to the police station, defendant signed a Consent to Search form, permitting the police to search his apartment provided that he was allowed to be present during the search. Several items seized during this second search were introduced at the trial in this case. During the course of a tape-recorded interrogation which was conducted subsequent to the second search, defendant confessed to several robberies, including the one which is involved in this case.

During a suppression hearing in the circuit court the fruits of the first search were suppressed. However, the court held that the second search was conducted pursuant to valid, voluntary consent, and that

the subsequent confession was voluntarily made and not induced by hope of any reward for confessing.

In spite of these findings defendant argues that the confession and consent to search should be held as a matter of law to have been made involuntarily because defendant was a juvenile and was held for approximately seven hours without benefit of the presence of counsel or independent adult advice before he made his confession. However, these factors are not determinative. In dealing with confessions made by juveniles being held in police custody, voluntariness is tested by looking at the totality of the circumstances. *Gallegos v. Colorado,* 370 US 49, 82 S Ct 1209, 8 L Ed 2d 325, 87 ALR2d 614 (1962); *Haley v. Ohio,* 332 US 596, 68 S Ct 302, 92 L Ed 224 (1948); *State v. Raiford,* 7 Or App 202, 488 P2d 295, 490 P2d 206, Sup Ct review denied (1971).

Defendant was 17 years old, had had several prior contacts with the police under circumstances which had given him considerable familiarity with his rights in criminal matters—specifically, robbery investigations —and had spoken with his attorney. Under the circumstances we agree with the circuit court's holding that the confession and consent to search were both voluntary.

Defendant also argues that the fruits of the second search should be suppressed under *Wong Sun v. United States,* 371 US 471, 83 S Ct 407, 9 L Ed 2d 441 (1963), because they were the fruit of the prior police illegality in conducting the first search. It is true that a search "can rise no higher than its source." *State v. Johnson,* 14 Or App 49, 56, 511 P2d 1258 (1973). However, the source of the second search in this case was defendant's valid consent, not evidence obtained in the first search.

The defendant on appeal argues that because at

the time he gave consent to the second search and made his incriminating statements, he knew that the police had already seized incriminating evidence during the first search, we should assume that but for this knowledge he would not have given his consent or confessed. However, the fact is that the defendant in his testimony at the suppression hearing did not state that this knowledge influenced him in any way.

■ Defendant next argues that it was error for the trial court to admit testimony of the arresting officer which indicated that at the time of his arrest defendant was engaged in the commission of a robbery unrelated to the robbery for which he was being·tried. The general rule is that in a criminal trial evidence of other crimes which are not connected in any way with the crime for which defendant is on trial is inadmissible. *State of Oregon v. Long,* 195 Or 81, 244 P2d 1033 (1952); *State v. Capitan,* 8 Or App 582, 494 P2d 443, Sup Ct *review denied* (1972). This rule is subject to certain exceptions. *State v. Hamilton,* 5 Or App 266, 483 P2d 90, Sup Ct *review denied* (1971); *State v. Hargon,* 2 Or App 553, 470 P2d 383 (1970). Whether the facts surrounding the defendant's arrest fall within the above rule we need not here consider.

■■ Only prejudicial error warrants reversal. If we can affirmatively say that considering the evidence in its totality it is unlikely that the alleged error affected the jury's verdict then we affirm regardless of the error. *State v. Van Hooser,* 266 Or 19, 511 P2d 359 (1973); *State v. Payton,* 19 Or App 181, 526 P2d 1397 (1974); *State v. Seeger,* 4 Or App 336, 479 P2d 240 (1971). That is the situation here. Defendant confessed to the robbery and in that confession implicated an accomplice, articles taken from the store were found in defendant's apartment, and there was a positive eyewitness identification of the accomplice (defendant wore a ski mask). The evidence of guilt was so strong

that it is highly unlikely that the jury was influenced by the testimony concerning possible involvement in another robbery.

Defendant's remaining three assignments of error do not warrant discussion.

Affirmed.