Argued April 24, affirmed May 12, reconsideration denied
June 18, petition for review denied June 24, 1975

STATE OF OREGON, *Respondent, v.* MICHAEL
DEAN LAUDERMILK (No. C 74-02-0531 Cr),
*Appellant.*
534 P2d 1185

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Rhidian M. M. Morgan,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

SCHWAB, C. J.

This is a companion case to *State v. Evans,* 21 Or App 122, 533 P2d 1392 (1975). Defendant in the present case was convicted of robbery in the first degree. In a separate trial, Evans was convicted of participation in the same robbery. The background facts are contained in our opinion in *State v. Evans,* supra.

Defendant Laudermilk here argues that the second search of Evans's apartment was the fruit of police illegality in conducting a previous search of the premises, and that Laudermilk's confession, made subsequent to the second search, was similarly tainted. Defendant argues that both the fruits of the second search and the subsequent confession should be suppressed under *Wong Sun v. United States,* 371 US 471, 83 S Ct 407, 9 L Ed 2d 441 (1963).

The admissibility of evidence obtained in the second search was decided in *Evans,* where we held that the second search was conducted pursuant to Evans's consent, and that it was not tainted by the prior, illegal, search.

■ There is no evidence that defendant's confession was tainted by the evidence obtained in the first, illegal, search. At the time of defendant's confession the police were in possession of legally obtained evidence of several robberies. In his testimony at the suppression hearing defendant did not state that his knowledge that the police found evidence of a robbery in their first search of Evans's apartment influenced him or caused him to confess to the robbery for which he was convicted. We therefore agree with the trial court's determination that defendant's confession was voluntarily made and not the fruit of the illegal first search. The confession and the fruits of the second search were properly admitted.

■ Defendant's other assignment of error was not properly raised below. The same assignment of error was raised on appeal in *Evans* where we held that it was without merit and declined to discuss it. We see no compelling reason to discuss it at this point.

Affirmed.