Argued and submitted August 28, affirmed October 21, 1987

## STATE OF OREGON,
*Respondent,*

*v.*

## TERESA LYNN CURRY,
*Appellant.*

(85-1055; CA A40703)

744 P2d 575

Diane L. Alessi, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Defendant was convicted of criminal mistreatment in the first degree.[1] She appeals and assigns as error the trial court's denial of her motion for mistrial. The only issue before us is whether the prosecutor improperly commented on defendant's failure to testify and whether, as a result, defendant was denied the right to a fair trial.

Defendant was tried before a jury and found guilty of the charged crimes for causing physical injury to her 14-month old son. She did not testify at trial, but her out-of-court statements regarding the cause of her son's injury were admitted in evidence. During closing argument, the prosecutor repeatedly referred to defendant's out-of-court statements as "testimony" and attempted to impeach them by referring to other evidence. Defendant moved for mistrial, arguing that the prosecutor improperly commented on defendant's right not to testify in the following instances:

"Let's first talk a little bit about the presentation of the case. Now, when you get a case of this nature, basically you have to go back and present all the parties that are involved in some way with the event and have them recount to you what they remember, what they've recorded and what they observed as to that event. *Do you have a full picture of what happened on or before June 14th, 1985? No.* Who is the one person that didn't testify for you today, probably that would have the most important testimony? The victim, Michael Curry. He's not here to tell you what happened.

"* * * * *

"Now did all the injuries that you are going to get to see and that you heard about — you heard a lot about bruising and the descriptions of the injuries to this child, did they all happen the day before he comes to the hospital? No, they didn't. That's not the explanation. That isn't the explanation for all these injuries. Dr. Wright says they're not consistent with the fall from the sink; Nurse Smoland says they're not consistent with a fall from the sink. So what can you conclude? Someone has injured this child previously; that there is

---

[1]Defendant was charged with and found guilty of criminal mistreatment in the first degree and assault in the fourth degree. ORS 163.205; ORS 163.160. The trial court merged the assault with criminal mistreatment for the purposes of conviction and sentencing.

a continuing course that is causing this child to show bruises from activity. *And she certainly hasn't told you about it.*

"\* \* \* \* \*

"\* \* \* Was she aware that she was hitting a child? *Ladies and gentlemen, she's testified — Well, she hasn't testified, but she's told — Excuse me — the other people that she is at least aware of the fact that she has spanked him for, again, some unknown reason.*"

Defendant moved for a mistrial. The prosecutor explained his comments to the court:

"Well, your Honor, I will admit to the second one. Clearly, I did say that. I tried to correct it. It was not meant as a comment on her Fifth Amendment right. It was meant as to what she said in the past. I perhaps get sometimes too used to using legal terminology of what people say as testimony. And I would submit to the court, (1) I would submit that it is not prejudicial so much to declare a mistrial and (2) that if the court feels any prejudice is inherent, they can cure it with an instruction as to defendant's right absolutely not to testify."

The trial court denied the motion for mistrial and gave a curative instruction:

"The defendant has an absolute constitutional right not to testify. Therefore, a defendant's decision not to testify cannot be considered as an indication of guilt. It should not be commented upon or in any way considered by you in your deliberations."

A court has a broad discretion in ruling on motions for mistrial. *State v. Reynolds,* 43 Or App 619 (1979), *aff'd* 289 Or 533, 614 P2d 1158 (1980). It can "cure" the effect of prosecutorial misconduct by a proper instruction. *State v. White,* 303 Or 333, 342, 343, 736 P2d 552 (1987); *State v. Wederski,* 230 Or 57, 368 P2d 393 (1962). Although the prosecutor referred to defendant's statements to her child's physician, nurse and a police officer as "testimony,"[2] it is apparent that he was referring to the flaws in defendant's out-of-court explanation of how her son's injury occurred, but did not intend to comment that defendant had chosen not to testify at trial.

---

[2] This is an example: "So you can you [*sic*] believe the rest of her testimony? What she's told the people during the course of this investigation? I submit to you you can't. Because already what she said and what she's tried to show is [sic] inconsistent."

It might be irrelevant that the prosecutor's conduct was inadvertant, if it were prejudicial. *See State v. Grenawalt,* 86 Or App 96, 98, 738 P2d 232 (1987). In this case, however, we believe that the jury understood that the prosecutor's reference was to defendant's out-of-court statements and their shortcomings as explanations of the child's injuries. Incorrect inferences were likely to have been avoided by the court's instruction about defendant's constitutional right and direction not to consider her decision not to testify as an indication of guilt. We view that instruction as sufficient to cure any potential prejudice in this case. *See State v. White, supra,* 303 at 343.[3]

Affirmed.

---

[3] In *Grenawalt,* we concluded that the prosecutor's remarks suggested a wholly improper basis for convicting defendant, that is, that he should be convicted because his accomplices had already been convicted. We held that a "curative" instruction would not have sufficed to undo the prejudice. Here, we conclude that the prosecutor's comments did not so misdirect the jury that their effect could not be remedied.