Argued and submitted September 30, 1988, affirmed January 11, reconsideration denied March 10, petition for review denied May 16, 1989 (308 Or 33)

## STATE OF OREGON,
*Respondent,*

*v.*

## ERIC ANTHONY PROCTOR,
*Appellant.*

(10-86-04013; CA A42430)

767 P2d 453

Sally L. Avera, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Frank Gruber, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were David Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge pro tempore, and Graber and Riggs, Judges.

RIGGS, J.

## RIGGS, J.

This case is a companion to *State v. Boots,* 94 Or App 713, 767 P2d 450 (1989). The facts of the case are summarized in that opinion. Defendant raises two assignments of error identical to assignments disposed of in the companion case. We affirm on those assignments, which concern alleged violations of defendant's speedy trial rights and the submission of the case to a second grand jury without leave of court.

Defendant also assigns as error the trial court's refusal to exclude the expert testimony of Charles H. Vaughn relating to his collection and identification of high velocity blood spatter from defendant's shirt. Not expecting to find blood spatter in his forensic examination, Vaughn scraped and vacuumed the surface of the shirt and examined the resulting debris microscopically, looking for hairs and fibers that might serve as evidence linking defendant to the crime. He discovered that the debris contained blood particles of a size and shape consistent with high velocity blood spatter caused by the impact of a bullet into a nearby bloody target. The technique Vaughn employed to collect the sample was not one that would ordinarily be used to determine the presence of blood spatter. A traditional blood imaging procedure was later performed on the shirt, revealing the presence of high velocity blood spatter in the right shoulder area. Defendant argues that the evidence should have been excluded because of the novel nature of the method used to collect the blood sample.

■ Under the Oregon Evidence Code, expert testimony is admissible if it is relevant, OEC 401,[1] and will help the trier of fact in deciding a disputed issue. OEC 702.[2] If those condi-

---

[1] OEC 401 provides:

" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

[2] OEC 702 provides:

"If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise."

tions are satisfied, the testimony may yet be excluded if it is substantially more prejudicial than probative under OEC 403.[3] *State v. Brown,* 297 Or 404, 409, 687 P2d 751 (1984).

■ Defendant did not challenge Vaughn's qualifications as an expert but only the method by which the blood particles were collected. The foundation laid for the testimony demonstrated that the method employed was sufficiently reliable to permit admission of the evidence. Critical to our determination is that experts on both sides agreed that the particles collected were high velocity blood spatter. Only the method by which they were collected is novel; all other aspects of Vaughn's investigation are well known in the field of blood spatter analysis. Even the collection method used is well known for collecting other types of evidence but is not used to study blood spatter, because more information about the relative positions of the fabric and the target may be obtained by examining the fabric itself, rather than the particles. The novelty of the technique goes to the weight of the evidence rather than to its admissibility, and defendant's motion to exclude the evidence was properly denied.

■■ Defendant also assigns as error the denial of his motions for mistrial and new trial based on prosecutorial misconduct. An unidentified fingerprint was recovered from the masking tape used to bind the victim. Defense counsel contended in closing argument that the fingerprint on the masking tape, which belonged to neither defendant nor to the victim, was most probably the fingerprint of the actual killer. The prosecutor contended in closing that a stray fingerprint could be left on the tape through many means. The prosecutor demonstrated one such means by applying a piece of masking tape to a beverage case on which a graphite fingerprint had earlier been deposited, lifting off the fingerprint and displaying it to the jury. Neither the masking tape nor the beverage case had been presented in evidence. Defendant contends that the demonstration was inappropriate and that his right to a fair trial was so prejudiced as to require the granting of a new trial.

---

[3] OEC 403 provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

"Any fact of which the court can take judicial notice, although evidence of it has not been formally introduced, constitutes a proper subject for comment by counsel, provided the argument is relevant to some issue in the case * * *." *Kuehl v. Hamilton,* 136 Or 240, 244, 297 P 1043 (1931). The demonstration in closing argument here went far beyond any matter capable of judicial notice, involving as it did matters of forensic fingerprint analysis properly addressed only by experts. The science of fingerprint analysis, and in particular the unique properties of graphite as a mode of fingerprint transfer, are not matters within the common knowledge or experience of the jury. It was improper for the prosecuting attorney to introduce that material in closing argument when the defendant had no opportunity to challenge it through cross-examination or presentation of opposing evidence.

The trial judge recognized counsel's misconduct, sustained an objection to the demonstration and instructed the jury to ignore it, but then ruled that the prejudice to defendant's case was insufficient to justify the granting of a mistrial or a new trial. A trial judge has broad discretion in ruling on a motion for mistrial or new trial and can legally cure the effect of prosecutorial misconduct by giving a proper instruction. *State v. Curry,* 88 Or App 80, 83, 744 P2d 575 (1987); *see also State v. Payton,* 19 Or App 181, 185, 526 P2d 1397 (1974). "If proof of defendant's guilt is strong, the challenged conduct or remark will not be presumed prejudicial." *State v. Seeger,* 4 Or App 336, 338, 479 P2d 240 (1971). This is such a case. The presence of the stray fingerprint on the masking tape was not of substantial weight in the context of the other evidence tending to implicate defendant. The trial court acted within its discretion in denying defendant's motions.

Affirmed.