Argued and submitted April 26, 1989, affirmed February 14, reconsideration denied March 28, petition for review denied April 26, 1990 (309 Or 698)

## STATE OF OREGON,
*Respondent,*

*v.*

## CLAUDE CLIFFORD UMPHREY,
aka Terry Todd,
*Appellant.*

(87 09 35373; CA A47895)

786 P2d 1279

Sally L. Avera, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Ann Kelley, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Teresa Ozias, Certified Law Student, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

Newman, J., concurring in part; dissenting in part.

## DEITS, J.

Defendant appeals his conviction for robbery in the first degree. ORS 164.415. He assigns as errors the trial court's denial of his motions for a separate trial and to suppress evidence. We affirm.

From the evidence at the combined hearing, the court could have found these facts. At about 9:30 p.m. on September 27, 1987, a man wearing a jacket, stocking cap and bandanna and carrying a sawed-off shotgun robbed a gas station on McLoughlin Boulevard. The station attendant saw the robber get into the passenger side of a white van on McLoughlin Boulevard and drive north. The attendant did not see its license plates. A man driving north on McLoughlin Boulevard followed the van, wrote down the license number of its California plates and saw it enter the Ross Island Bridge exit. He returned to the gas station and gave that information to the police.

At 9:32 p.m., Officer Mitchell was on patrol in downtown Portland and heard a police radio dispatch advising that an armed robbery suspect in a white van might be traveling north after crossing to the west end of the Ross Island Bridge and that the suspect had used a shotgun in the robbery. Mitchell thought that the van might travel north on Front Avenue after crossing the bridge. He drove south on Front Avenue toward the Ross Island Bridge, scanning northbound traffic for a white van. Between 9:34 and 9:35 p.m. he noticed a white van driving north on Front at a "pretty good clip" in heavy traffic. He turned around and followed it. When he told the dispatcher that the van had California plates, he learned from the dispatcher that a white van with California plates had been involved in another armed robbery the previous Friday, also with a shotgun.

Mitchell told the dispatcher that he was going to stop the van, gave her the license number and location and asked for a cover car, which came immediately. Mitchell turned on his overhead lights to direct the van to stop. It continued for a few moments without slowing down. Before the van began to slow down, another officer, who had heard Mitchell broadcast the California license plate number, told him that it matched the plate number of the van involved in the gas station robbery. The van then pulled over and stopped. Defendant was

driving, and Beierle was in the passenger seat. Mitchell took them into custody. The police then searched the van and found a jacket, a stocking cap, a bandana and a sawed-off shotgun.

The two men were jointly indicted for robbery in the first degree. Beierle subsequently confessed. Defendant pleaded not guilty and moved to suppress evidence obtained as the result of the stop and to sever his trial. The court denied the motions. Defendant and Beierle were tried together, and both were convicted.

■ Defendant argues that Mitchell did not have a reasonable suspicion sufficient to support the stop and that, therefore, the court should have suppressed the evidence that the police seized. The court found, and the parties do not dispute, that a stop occurred when defendant and Beierle became aware of the officer's overhead lights and pulled over. ORS 131.615.[1] At that time, Mitchell had a reasonable suspicion that the van had been involved in the gas station robbery, because, among other things, he knew that its license plate number matched the license plate number of the van involved in that robbery. Before he turned on his overhead lights, he knew that someone in a white van had just committed a robbery using a shotgun. He saw a white van proceeding along what he thought was a probable escape route. He saw the California plates and was aware that a white van with California plates had been involved in a robbery the previous Friday, in which the robber also used a shotgun. The court did not err in denying the motion to suppress.

■ As to the motion to sever, the prosecution stated at the combined hearing that it intended to offer Beierle's confession at trial, but that Beierle would not testify. The prosecution told the court that it would delete from the confession any statements that Beierle had made regarding defendant

---

[1] ORS 131.615(1) provides:

"A peace officer who reasonably suspects that a person has committed a crime may stop the person and, after informing the person that the peace officer is a peace officer, make a reasonable inquiry."

ORS 131.605(4) defines "reasonably suspects" to mean

"that a peace officer holds a belief that is reasonable under the totality of the circumstances existing at the time and place the peace officer acts as authorized in ORS 131.605 to 131.625."

and would not use those statements as substantive evidence against defendant or to impeach him.[2] As edited, Beierle's confession recited only that he was the person who had walked into the gas station at approximately 9:30 p.m. on September 27 with a sawed-off shotgun and demanded and received money. At the joint trial, the court admitted Beierle's confession, but Beierle did not testify. Defendant had no opportunity to cross-examine him. The court instructed the jury:

> "Although the defendants have been tried together, you must consider the case against each separately. In doing so you must decide what the evidence shows as to each defendant without considering any evidence that may have been received solely against some other defendant or defendants. Each defendant is entitled to have the case decided on the evidence and on the law applicable to that defendant."

The controlling statute is ORS 136.060(1), which provides:

> "Jointly charged defendants shall be tried jointly unless the court concludes before trial that it is clearly inappropriate to do so and orders that a defendant be tried separately. In reaching its conclusion the court shall strongly consider the victim's interest in a joint trial."

That statute recently has undergone substantial changes. Before 1983, it provided defendants separate trials in felony cases as a matter of right. In 1983, it was amended to give trial courts discretion to sever when codefendants were charged with the same offense. Or Laws 1983, ch 705, § 1. The quoted version of the statute, which was adopted by the voters in 1986 as part of the "Crime Victims Bill of Rights," places substantial limitations on defendants being tried separately, by providing that jointly charged defendants "shall be tried jointly" unless the court determines that it is "clearly inappropriate."

Defendant argues that it was "clearly inappropriate" for the court to deny him a separate trial. He contends that the admission of his codefendant's confession was prejudicial and that, "once a substantial quantum of information demonstrating potential prejudice has been placed before the trial court, a

---

[2] The state's stated purpose in offering Beierle's confession was to prove that a firearm was used in the robbery.

joint trial becomes 'clearly inappropriate.' " We disagree. ORS 136.060(1) does not provide for severance on a showing of prejudice. There is the possibility of prejudice in any joint trial. In amending ORS 136.060, the people chose to require joint trials, despite that possibility.

We find no basis on which to conclude that a joint trial was "clearly inappropriate." The trial did not violate the applicable statutory provisions nor conflict with any constitutional provisions. ORS 136.060(1) authorizes joint trials, and the statutes specifically contemplate the introduction of a codefendant's confession. ORS 136.060(2) provides a special procedure when such evidence is to be introduced in a joint trial:

> "In ruling on a motion by a defendant for severance, the court may order the prosecution to deliver to the court for inspection in camera any statements or confessions made by any defendant that the prosecution intends to introduce in evidence at the trial."

The trial court considered Beierle's confession in ruling on defendant's motion to sever. The prosecution informed the court of the specific statement that it sought to introduce and assured the court that it would not offer any part of the confession that referred to defendant. Further, the trial court instructed the jury not to consider the confession against defendant. The joint trial and introduction of the confession did not violate the applicable statutes.

■ Defendant also contends that his confrontation rights under the Sixth Amendment were violated.[3] We disagree. Generally, a witness who testifies at a joint trial of codefendants is not considered to be a witness "against" a defendant if the jury is instructed not to consider the testimony against that defendant. *Richardson v. Marsh,* 481 US 200, 206-07, 107 S Ct 1702, 95 L Ed 2d 176 (1987). An exception to the general rule has been recognized, however, when a codefendant's confession *directly implicates* the defendant.

---

[3] Generally, we would first consider any applicable provisions of the Oregon Constitution. However, defendant has made no arguments, either at trial or on appeal, concerning his right of confrontation under the Oregon Constitution, Article I, section 11, and offers no reason why the result would be different under the Oregon Constitution. Therefore, we do not decide the case under the Oregon Constitution. *See State v. Farber,* 295 Or 199, 207 n 10, 666 P2d 821 (1983).

That evidence has been held to be so "powerfully incriminating" that the risk that the jury will not follow the court's instructions is simply too great. *Bruton v. United States,* 391 US 123, 88 S Ct 1620, 20 L Ed 2d 476 (1968). In this case, Beierle's confession did not directly implicate defendant. It was carefully edited to eliminate any reference to defendant, and the jury was instructed not to consider it against defendant. Thus, Beierle was not a witness against defendant, and the introduction of his confession did not violate defendant's confrontation rights.

The dissent acknowledges that Beierle's confession did not directly implicate defendant, but contends that, because the confession would be considered with other evidence that linked Beierle and defendant, it became impossible for the jury to follow the court's instruction not to consider the confession against defendant. The same contention was considered and rejected in *Richardson v. Marsh, supra,* where, as here, the codefendant's confession did not directly implicate the defendant. The court held that, even if the evidence linking the defendant and the codefendant did allow the jury to draw an incriminating inference from the confession, it did not make the codefendant a witness against the defendant.

> "Where the necessity of such linkage is involved, it is a less valid generalization that the jury will not likely obey the instruction to disregard the evidence. Specific testimony that 'the defendant helped me commit the crime' is more vivid than inferential incrimination, and hence more difficult to thrust out of mind. Moreover, with regard to such an explicit statement the only issue is, plain and simply, whether the jury can possibly be expected to forget it in assessing the defendant's guilt; whereas with regard to inferential incrimination the judge's instruction may well be successful in dissuading the jury from entering onto the path of inference in the first place, so that there is no incrimination to forget. In short, while it may not always be simple for the members of a jury to obey the instruction that they disregard an incriminating inference, there does not exist the overwhelming probability of their inability to do so that is the foundation of Bruton's exception to the general rule." 481 US at 208.

The introduction of Beierle's confession did not violate defendant's confrontation rights under the Sixth Amendment. A joint trial was not clearly inappropriate, and the trial court properly denied the motion to sever.

Affirmed.

**NEWMAN, J.,** concurring in part; dissenting in part.

Although I agree with the majority that the court correctly denied defendant's motion to suppress, I dissent from its ruling that the court did not err when it denied his motion to sever.

The effect of the admission of Beierle's edited confession in the joint trial was to seal defendant's fate. Beierle admitted that he held up the Mobil station on McLoughlin Boulevard with a shotgun. The evidence is conclusive that, immediately after the robbery, defendant drove the white getaway van, in which Beierle was a passenger, that defendant owned the van and also the shotgun that Beierle carried at the time of the robbery and that the police found the shotgun in the van. Beierle's confession clearly tended to establish defendant's culpable connection with the robbery.

The majority asserts that it can "find no basis on which to conclude that a joint trial was 'clearly inappropriate.'" 100 Or App at 438. It defies common sense, however, to assert that a jury, even after it had received a limiting instruction from the court, would acquit defendant after it had heard the edited version of Beierle's confession. In *State v. Jones,* 279 Or 55, 62, 566 P2d 867 (1977), the court ordered a new trial, stating that there may be "cases in which the testimony which the jury is instructed to 'disregard' is so prejudicial that, as a practical matter, 'the bell once rung, cannot be unrung' by such an admonishment." Although, ordinarily, we presume that a jury will follow the court's limiting instruction, *see State v. Proctor,* 94 Or App 720, 724, 767 P2d 453, *rev den* 308 Or 33 (1989), in no way would the limiting instruction effect the necessary prophylaxis here. Beierle's confession, even though edited, was so "powerfully incriminating" to defendant, *see Bruton v. United States,* 391 US 123, 135, 88 S Ct 1620, 20 L Ed 2d 476 (1968), that the likelihood that the jury would *not* follow the court's instruction was overwhelming.

The majority asserts that the confession does not "directly implicate" defendant, because it was edited to eliminate any reference to him. 100 Or App at 439. The majority is simply playing with words. In considering *defendant's* guilt or

innocence, the jury would inevitably consider Beierle's confession as evidence against defendant, together with the other evidence presented at trial that linked defendant with Beierle and the robbery: Defendant owned the shotgun that Beierle used in the robbery; defendant drove the getaway van; Beierle was a passenger in that van; and the police found the shotgun in it.

The majority contends that the joint trial "did not violate defendant's confrontation rights," 100 Or App at 439, but it looks only at the provisions in the federal constitution. What is at issue here, however, is the interpretation of ORS 136.060 and that is, in the first instance, a matter of state law. *See State v. Kennedy,* 295 Or 260, 262, 666 P2d 1316 (1983). Moreover, defendant did raise below and here the issue of the meaning of the words "clearly inappropriate" in ORS 136.060(1) and did refer to his constitutional rights of confrontation, although he did not specifically refer to the Confrontation Clause of Article I, section 11.[1]

Furthermore, the state, in its brief, specifically referred to Article I, section 11. Accordingly, this court is not precluded from referring to section 11 to aid in interpreting ORS 136.060. Because of the joint trial, the effect of admitting Beierle's confession was to make him a witness against defendant without affording defendant an opportunity to cross-examine him. *See* Or Const, Art I, § 11.

I would hold that it was "clearly inappropriate" within the meaning of ORS 136.060 for defendant and Beierle to be tried jointly. The court erred when it denied defendant's motion to sever.

---

[1] In *State v. Hitz,* 307 Or 183, 188, 766 P2d 373 (1988), the court stated:

"We have previously drawn attention to the distinctions between raising an *issue* at trial, identifying a *source* for a claimed position, and making a particular *argument.* * * * The first ordinarily is essential, the second less so, the third least." (Emphasis in original.)