Argued May 19, affirmed June 9, reconsideration denied July 2, petition for review denied July 15, 1975

## STATE OF OREGON, *Respondent, v.* BEN DANIEL ENOCH, JR. (No. 5845), *Appellant.*

536 P2d 460

*Leeroy O. Ehlers,* Pendleton, argued the cause for

appellant. With him on the brief were Fabre & Ehlers, Pendleton.

*Jack Olsen,* District Attorney, Pendleton, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

Defendant appeals from conviction of driving while under the influence of alcohol. The only question is whether the results of a test for blood-alcohol content can be used against defendant.

Defendant was driving alone when he became involved and was seriously injured in a one-car accident. He was removed by ambulance to a hospital before being seen by the investigating officer. At the hospital a blood sample was taken from defendant for medical purposes in connection with possible treatment of his injuries. When the officer arrived there defendant was still in too serious condition to be interviewed, but the officer asked if a blood sample could be taken. He was given the one that already had been taken (obviously without defendant's knowledge or consent) and upon testing, it showed .30 percent blood alcohol. Defendant was then charged with DUIL.

Defendant contends that under ORS 483.636,[1] a part of the implied consent law, his consent must have been first obtained before the blood sample could be used for proof of his intoxication.

---

[1] ORS 483.636 provides:

"Nothing in ORS 483.634 is intended to, in lieu of a request for and administration of a breath test, preclude the administration of a chemical test of the blood, urine or saliva of any person if, when requested by a police officer, the person expressly consents to such a test."

█ The district attorney correctly points out that the implied consent law (ORS 483.634 et seq.) is inapplicable to the facts of this case. There was no arrest or knowledge on the part of the officer of reasonable grounds therefor.[2] In his investigation, he simply came upon the evidence taken by a third person, and when it was checked out it created a case against and cause for arrest of defendant. Taking of blood is a search. *State v. Osburn,* 13 Or App 92, 508 P2d 837 (1973). The state and federal constitutions protect against unreasonable searches and seizures by police and their agents; if an independent private citizen finds evidence and turns it over to the police, the evidence is legitimate. *State v. Walker,* 19 Or App 420, 528 P2d 113 (1974); *State v. Becich,* 13 Or App 415, 509 P2d 1232, Sup Ct review denied (1973); *State v. Bryan,* 1 Or App 15, 457 P2d 661 (1969).

Affirmed.

---

[2] See State v. Stover, 271 Or 132, 531 P2d 258 (1975); and State v. Annen, 12 Or App 203, 504 P2d 1400, Sup Ct *review denied* (1973).