Argued and submitted November 10, reversed and
remanded for a new trial December 22, 1980,
reconsideration denied January 29,
petition for review denied March 4, 1981 (290 Or 551)

STATE OF OREGON,
*Respondent,*

*v.*

DAVID FRANCIS HILTON,
*Appellant.*

(No. 182,641, CA 18042)

620 P2d 970

Dale L. Crandall, Salem, argued the cause and filed the brief for appellant.

Robert C. Cannon, Assistant Attorney General, argued the cause for respondent. With him on the brief were James

M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Defendant appeals his conviction of driving under the influence of intoxicants (DUII), a Class A traffic infraction, ORS 487.540. He assigns as error the admission of the results of a blood alcohol test performed after he was involved in a one-car accident. The test was administered by the hospital personnel who did not possess a permit issued by the Health Division to conduct such tests in DUII cases. We agree that the admission of the test was error, and reverse.

After the accident in question, defendant was taken to a hospital where a blood sample was drawn for medical treatment purposes. Defendant was later charged with DUII, and the results of the hospital blood test were obtained and introduced at his trial. The person who performed the analysis of defendant's blood did not have a permit from the Health Division, issued pursuant to ORS 487.815, *infra,* to perform such tests. Defendant sought suppression of the results of the blood test on that ground and several others. We reach only the issue of the permit requirement.

The offense of driving under the influence of intoxicants is defined by ORS 487.540 as follows:

"(1) A person commits the offense of driving while under the influence of intoxicants if he drives a vehicle while:

"(a) He has .10 percent or more by weight of alcohol in his blood as shown by chemical analysis of his breath, blood, urine or saliva made under ORS 487.805 to 487.815 and 487.825 to 487.835; or

"(b) He is under the influence of intoxicating liquor, a dangerous drug or narcotic drug; or

"(c) He is under the influence of intoxicating liquor and a dangerous drug or narcotic drug.

"(2) Driving while under the influence of intoxicants is a Class A traffic infraction."

The legal meaning of a particular blood alcohol level is established by ORS 487.545, which provides,

"(1) At the trial of any civil or criminal action, suit or proceeding arising out of the acts committed by a person driving a motor vehicle while under the influence of intoxicants, if the amount of alcohol in the person's blood at the

time alleged is less than .10 percent by weight of alcohol as shown by chemical analysis of the person's breath, blood, urine or saliva, it is indirect evidence that may be used with other evidence, if any, to determine whether or not he was then under the influence of intoxicants.

"(2)   Not less than .10 percent by weight of alcohol in a person's blood constitutes being under the influence of intoxicating liquor.

"(3)   Percent by weight of alcohol in the blood shall be based upon grams of alcohol per one hundred cubic centimeters of blood."

In order for the results of defendant's blood test to be admissible under ORS 487.540(1)(a), *supra,* the analysis of defendant's blood must be performed pursuant to the requirements of ORS 487.815(1):

"(1)   Chemical analyses of the person's breath, blood, urine or saliva, to be valid under ORS 487.545, *shall be performed according to methods approved by the Health Division and by an individual possessing a valid permit to perform such analyses issued by the Health Division."* (Emphasis supplied.)

The person who performed the analysis of defendant's blood at the hospital did not have a permit issued by the Health Division pursuant to ORS 487.815(1).

■■   These three statutes create a self-contained system: ORS 487.540 provides various alternative definitions of the offense. Under subsection (1)(a), he may be convicted solely on the basis of a chemical test administered pursuant to the provisions of ORS 487.815, to which it specifically refers. Under subsections (b) and (c), a chemical test may also be used as evidence, with the evidentiary effect of such evidence being defined by ORS 487.545. But, as is true under subsection (1)(a) of ORS 487.540, these tests provided for in ORS 487.545 must have been conducted under the provisions of ORS 487.815, by the specific terms of that latter statute. The collective effect of these three statutes, then, is to limit the admissibility of any chemical test for blood alcohol. To be admissible, the test must have been conducted by a person possessing a valid permit from the Health Division. *Cf. State v. Heintz,* 286 Or 239, 254, 594 P2d 385 (1979); *State v. Fogle,* 254 Or 268, 459 P2d 873 (1969). Since the test in this case was not taken in that

manner, the trial judge erred when he denied a motion to suppress it.

The state contends that *State v. Enoch,* 21 Or App 652, 536 P2d 460 (1975), relied upon the trial court, applies in this situation. In *Enoch,* this court held that the defendant's consent was not required before a blood test, taken by hospital personnel while the defendant was unconscious, could be introduced. We found that consent to the search which may be involved in the taking of blood was not required because the taking of the blood was not instigated or conducted by the police officer. *Enoch* held the consent provisions of the statute were not applicable in that situation, because no consent was necessary to validate the taking of the blood.

*Enoch,* however, had to do with consent and not with the applicability of the statutory requirements for administering tests for breath, blood, urine or saliva analysis. It dictates no particular result in this case. The language of the statute is straightforward. It provides that evidence of a blood test is admissible in a DUII proceeding only when the person who conducted the analysis has a valid permit from the Health Division. The analysis of defendant's blood in this case was not conducted by a person with such a permit and the results of that analysis are, therefore, inadmissible.

Reversed and remanded for a new trial.