Argued and submitted January 11, reversed and remanded April 13, 1983

## STATE OF OREGON,
*Respondent,*

*v.*

## SCOTT L. KNEPPER,
*Appellant.*

(M200431; CA A25872)

661 P2d 560

Richard L. Weil, Portland, argued the cause for appellant. On the brief was Richard G. Dobbins, Portland.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause and filed a memorandum in lieu of a brief for respondent.

Before Gillette, Presiding Judge, and Warden, and Young, Judges.

YOUNG, J.

## YOUNG, J.

Defendant was convicted of driving while under the influence of intoxicants. ORS 487.540. He contends that it was error to permit the state's expert witness to disclose to the jury excludable evidence that formed the basis of the expert's opinion. OEC 703. He also assigns error to an instruction concerning blood-alcohol content, ORS 487.540(1)(a), and the state concedes that the instruction constituted error. We reverse.

A chemical test of defendant's blood indicated an alcohol content of 0.24 percent. The test result was excludable under the implied consent law, ORS 487.835, and it was not in evidence. A physician testified that in his opinion defendant was under the influence of intoxicants. Over defendant's objection, the trial court permitted the witness to disclose to the jury that the basis of his opinion was the 0.24 blood-alcohol test result. The only evidence of defendant's blood-alcohol content was the testimony of the witness. The trial court admitted the test result, because it formed the basis of the expert's opinion. OEC 703 provides:

"The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. *If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.* (Emphasis supplied.)

The narrow issue is whether OEC 703 permits an expert witness to disclose to the jury the results of an excludable blood-alcohol test that formed the basis of the expert's opinion that defendant was under the influence of intoxicants. OEC 703 is intended to facilitate the use of expert opinion by permitting an expert to base an opinion on information reasonably relied upon by experts in the particular field. The expert is no longer limited to matters of personal observation, evidence presented at trial or hypothetical questions. *See* Kirkpatrick, Oregon Evidence 308-09 (1982) (legislative commentary).

ORS 487.815 requires that chemical tests of breath, blood, and urine to determine alcohol content be

performed according to approved techniques and by qualified individuals. *See State v. Fogle,* 254 Or 268, 459 P2d 873 (1969). ORS 487.835 permits a chemical test of blood or urine only with the suspect's express consent. Test results failing to meet these statutory standards are not admissible. *State v. Fogle, supra; State v. Hilton,* 49 Or App 927, 620 P2d 970 (1969); *see State v. Stover,* 271 Or 132, 531 P2d 258 (1975). There is no indication that the legislature intended by the enactment of OEC 703 to modify the exclusionary principles of the implied consent law. OEC 703 does not authorize an expert witness to tell the jury the inadmissible details of the basis of his opinion.[1] The rule merely provides that the expert may give an opinion based on information that, although not admissible, is reliable. *See* Kirkpatrick, Oregon Evidence 311 (1982); Proposed Oregon Evidence Code, Report of the Legislative Interim Committee on the Judiciary 145 (December 1980).

■  If OEC 703 were construed to permit an expert both to rely on a blood test subject to exclusion *and* to reveal the results of the test to the jury, then it indeed would be a "drastic" change in the law. That was not within the contemplation of the legislature. Neither the language of OEC 703 or its legislative history supports the notion that it modified the rule of exclusion of ORS 487.815 or 487.835. It does not permit the state's expert witness on direct examination to reveal to the jury the results of an excludable blood test,[2] and it was error to permit the expert to do so.

---

[1] OEC 705 provides:

"An expert may testify in terms of opinion or inference and give reasons therefor without prior disclosure of the underlying facts or data, unless the court requires otherwise. The expert may in any event be required to disclose the underlying facts or data on cross-examination."

[2] The disclosure of the basis of the expert's opinion may not be substantive evidence and may be only a means to evaluate the soundness of the opinion, *see* Kirkpatrick, Oregon Evidence 311, 319 (1982), but a precautionary instruction to this effect may not be sufficient to prevent the use of the information for substantive purposes. Professor Kirkpatrick warns:

"* * * Courts should be cautious * * * about requiring disclosure to the jury of underlying facts or data that constitute inadmissible evidence, yet are allowed as a basis for expert opinion under Rule 703." Kirkpatrick, Oregon Evidence 319 (1982).

■        Defendant also claims that the trial court erred in instructing the jury that he could be found guilty of driving under the influence of intoxicants if he drove a vehicle with 0.10 percent or more by weight of alcohol in his blood. See ORS 487.540(1)(a). Defendant contends that there was no substantive evidence of defendant's blood-alcohol content to justify the instruction. At trial, the state claimed that it was not offering, by the testimony of the expert witness, the results of the blood-alcohol test as substantive evidence. On appeal, the state concedes that it was error to so instruct the jury. Although there was evidence that the doctor considered defendant intoxicated, there was no substantive evidence of defendant's blood alcohol content on which he could be convicted under ORS 487.540(1)(a). In *State v. Weston,* 155 Or 556, 581, 64 P2d 536 (1937), the court stated:

> "An abstract instruction is deemed erroneous because it may cause the jury to assume that evidence has been given of the kind to which the instruction is applicable."

The instruction invited the jury to convict defendant on the basis of a test result that was not in evidence, and that was prejudicial. *See State v. Wilson,* 172 Or 373, 381-82, 142 P2d 680 (1943); *State v. Miller,* 43 Or 325, 331-32, 74 P 658 (1903).

Reversed and remanded for a new trial.

---

The quoted caveat is particularly appropriate when considering evidence that is excluded by statute. If a blood alcohol test cannot be used to convict, then the state cannot reveal it to the jury through OEC 703 or OEC 705. *See also* OEC 403.