Argued and submitted September 21, reversed and remanded for new trial
December 7, 1988

# STATE OF OREGON,
*Respondent,*

*v.*

# MARK C. BROYLES,
*Appellant.*

## (M884804; CA A48437)

765 P2d 239

Louis R. Miles, Portland, argued the cause and filed the brief for appellant.

Timothy Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Riggs, Judges.

RIGGS, J.

**RIGGS, J.**

Defendant appeals his conviction for driving under the influence of intoxicants (DUII). ORS 813.010(1).[1] He assigns as error the admission of the results of a blood alcohol test performed by Emanuel Hospital after he was involved in a motorcycle accident. Defendant argues that in a DUII trial a blood test showing the blood alcohol content can be admitted only if the test has been shown to comply with ORS 813.160(1).[2] We agree and reverse.

On July 24, 1987, defendant was admitted to the trauma emergency room of Emanuel Hospital in Portland. On his arrival, unidentified emergency room personnel administered various tests, including the hospital's standard blood test, which showed .227 percent blood alcohol content. Defendant was treated by Dr. Parshely, who used the results of the hospital lab tests in his treatment of defendant's injuries.

Defendant was charged and prosecuted for DUII under ORS 813.010(1)(b). At trial he objected to the admission of the blood test on the basis of the state's inability to establish that the testing method was approved by the Health Division. The trial judge overruled the objection, because the chemical test was used in the diagnosis and treatment of defendant and thus was not subject to the statutory testing requirements of ORS 813.160(1).

The controlling case is *State v. Hilton,* 49 Or App 927,

---

[1] ORS 813.010(1) provides:

"(1) A person commits the offense of driving while under the influence of intoxicants if the person drives a vehicle while the person:

"(a) Has .08 percent or more by weight of alcohol in the blood of the person as shown by chemical analysis of the breath or blood of the person made under ORS 813.100, 813.140 or 813.150;

"(b) Is under the influence of intoxicating liquor or a controlled substance; or

"(c) Is under the influence of intoxicating liquor and a controlled substance."

[2] ORS 813.160(1)(a) provides:

"(1) To be valid under ORS 813.300:

"(a) Chemical analyses of a person's blood shall be performed by an individual shown to be qualified to perform such analyses and shall be performed according to methods approved by the Health Division. For purposes of this paragraph, the Health Division shall approve methods of performing chemical analyses of a person's blood that are satisfactory for determining alcoholic content."

929-930, 620 P2d 970 (1980), in which the facts are substantially the same as in this case. We held that, for any chemical test of blood alcohol to be admissible, the test must comply with the three statutes which limit the admissibility of chemical tests in DUII cases. We determined that ORS 813.010(1) provides alternative definitions of the DUII offense. ORS 813.010(1)(a) provides that a defendant can be convicted solely on the basis of a chemical test that shows his blood alcohol level to be in excess of .08 percent. A chemical test can also be used as evidence of intoxication under ORS 813.010(1)(b) and (c). The effect of particular blood alcohol levels is defined by ORS 813.300. In DUII cases, chemical tests are offered pursuant to ORS 813.300[3] and are subject to the Health Division approval required in ORS 813.160(1). *Hilton* requires that, in all DUII prosecutions, any chemical test which does not comply with ORS 813.160(1) be suppressed.[4]

The state would have us overrule *Hilton*. It contends that we incorrectly held that ORS 813.010(1)(a), (b) and (c) all require testing by the persons and under the conditions specified by the Health Division under ORS 813.160(1). The state

---

[3] ORS 813.300 provides:

"(1) At the trial of any civil or criminal action, suit or proceeding arising out of the acts committed by a person driving a motor vehicle while under the influence of intoxicants, if the amount of alcohol in the person's blood at the time alleged is less than .08 percent by weight of alcohol as shown by chemical analysis of the person's breath or blood, it is indirect evidence that may be used with other evidence, if any, to determine whether or not the person was then under the influence of intoxicants.

"(2) Not less than .08 percent by weight of alcohol in a person's blood constitutes being under the influence of intoxicating liquor.

"(3) Percent by weight of alcohol in the blood shall be based upon grams of alcohol per one hundred cubic centimeters of blood."

ORS 813.320 provides, in part:

"The provisions of the implied consent law, except ORS 813.300, shall not be construed by any court to limit the introduction of otherwise competent, relevant evidence in any civil action, suit or proceedings, or in any criminal action other than a violation of ORS 813.010 * * *."

[4] ORS 813.300 is the exclusive provision for admission of chemical tests in DUII cases. *See State v. Stover*, 271 Or 132, 147 nn 10 and 11, 531 P2d 258 (1975); *see also State v. Knepper*, 62 Or App 623, 661 P2d 560 (1983). The court held in *Stover* that chemical tests which did not comply with ORS 813.160 are incompetent as evidence in DUII trials. In *Knepper*, we held that hospital blood tests which did not comply with ORS 813.160, and were not admissible under ORS 813.300, cannot be admitted as the basis of an expert's opinion under OEC 703.

also argues that only tests taken under ORS 813.010(1)(a) and ORS 813.300(2) are subject to ORS 813.160(1). Therefore, so the argument goes, because the test in this case was not offered to prove guilt under the *per se* violation standard of ORS 813.010(1)(a), evidence of the test was not subject to ORS 813.160(1). Thus, the state says, it need not establish the foundation that the test method or qualifications of persons testing in this case complied with Health Division requirements.

The state misconstrues the relationship of ORS 813.010, ORS 813.160(1) and ORS 813.300. ORS 813.160 does not refer to ORS 813.300(2) alone; it refers to ORS 813.300 as a whole. Additionally, ORS 813.300 defines the legal effect of blood alcohol levels as shown by chemical tests. The evidentiary effect of chemical test results is not tied in any way to the Implied Consent Law, whether the test results are used to prove the offenses set forth in ORS 813.010(1)(a) or (1)(b) or (1)(c). For this reason, we conclude that all chemical tests offered to prove a violation under ORS 813.010(1) must comply with ORS 813.160(1) to be admissible. The trial court erred when it admitted the hospital blood test.

Reversed and remanded for new trial.