Argued and submitted October 19, 1988, reversed and remanded for a new trial May 10, reconsideration denied August 9, petition for review denied September 19, 1989 (308 Or 382)

STATE OF OREGON,
*Respondent,*

*v.*

GREGORY LYNN LUNDBOM,
*Appellant.*

(N77786; CA A47706)

773 P2d 11

John Henry Hingson, III, Oregon City, argued the cause and submitted the brief for appellant.

Timothy Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant appeals his conviction for driving under the influence of intoxicants. ORS 813.010. He assigns as error, *inter alia,* the trial court's failure to sustain his objections to the improper remarks of the prosecutor and its denial of his motion for a new trial on grounds of prosecutorial misconduct.[1] We reverse and remand for a new trial.

During the state's closing argument, this exchange occurred:

"[PROSECUTOR]: But Steve Van Ootegham [expert witness for the defense] who was in here, being paid money to be here to testify as he has always testified that this machine is inaccurate. That is his job. That is what he is hired to do. With all respect, I'm someone who tells it like it is. He's a pimp. Okay? He's hired to do a job and he does it. And if he were to come in here and to say the machine is accurate, he would not make a dime. And no defense attorney would hire him.

"[DEFENSE COUNSEL]: If it please the court, your Honor. I object to the personal attack on the witness and also a personal attack on the defense lawyer saying that I hire pimps. That is an attack upon the defendant's lawyer and not upon the facts of this case. And it improperly distracts this jury from its function * * *.

"THE COURT: Mr. Hingson. You're personally entitled to tell all that to the jury in your argument. You don't need to get it in at this point. I'm going to overrule your objection. You are entitled to express your arguments to the jury just as the state is.

"[PROSECUTOR]: Thank you, your Honor. I should backtrack. I mean no disrespect to Mr. Van Ootegham. I'm talking in concepts here and not in personalities at all. I'm talking in the sense that he is hired to do a job. Lawyers are called hired guns all the time. I could use the same language for myself. It's that I am not the evidence in this case, okay? You're not to consider me. Mr. Hingson is not the evidence in this case. You're not to consider him. So whatever you think of lawyers in general or he or me, it doesn't matter. So if we're pimps, so be it, I mean it doesn't matter.

---

[1] Defendant's other assignments of error—involving both pre-trial and trial matters—are without merit.

"[DEFENSE COUNSEL]:    Objection. I don't want to, the record to reflect that I in any way accept being included in a category of a pimp. This is a personal attack even though he joins himself in that fold.

"THE COURT:    Noted. This time I, I will caution you, Mr. Regan. I understand the point you are trying to make. I think maybe you're using language that's a little too strong.

"[PROSECUTOR]:    I agree, your Honor.

"THE COURT:    Tone it down, please."

Defendant did not request the court to give curative instructions or to declare a mistrial on the ground that the prosecutor had referred to defendant's expert witness and counsel as "pimps." He did, however, move for a new trial on grounds of misconduct of the prevailing party. ORS 136.535(4).[2] The issue is whether the trial court committed reversible error when it denied that motion after failing to sustain the objections to the prosecutor's remarks.

■    We conclude that it did. Although control of counsels' arguments is within the discretion of the trial court, that discretion is not unbounded. *State v. Seeger,* 4 Or App 336, 338, 479 P2d 240 (1971). If an objectionable remark, properly challenged, is likely to influence the jury, the trial court's failure to correct it may be a ground for reversal. *State v. Seeger, supra,* 4 Or App at 338.

■    In this case, the prosecutor's remarks were not only inappropriate in and of themselves, but highly likely to influence the jury. The essence of his argument was that the jury should find defendant guilty, because his counsel was a "pimp" who knowingly hired a liar. Nothing in the record supports the prosecutor's characterizing defendant's counsel, or the expert witness, as "pimps." Indeed, those statements could only have been calculated to elicit an emotional response from the jury. To attempt to establish a defendant's guilt by making unwarranted personal attacks on his attorney and the witness is not only unfair, but it impugns the integrity

_____

[2] ORS 136.535(4) provides, in part:

"Except as otherwise provided in this section, * * * ORCP 64 * * * B. * * * shall apply to and regulate new trials in criminal actions * * *."

of the system as a whole. Such comments dangerously over-shadow what a defendant's case is really about, and we presume that they prejudice a defendant.

The trial court, therefore, should have sustained the objections. Instead, it overruled defendant's first objection and merely noted his second. For all practical purposes, that action foreclosed the possibility that defendant would obtain a curative instruction. Given the trial court's earlier failure to sustain defendant's objections, it committed reversible error when it failed to grant him a new trial.

■ Finally, it will not do to argue that, because defendant failed to request curative instructions or a mistrial, we should not consider the error. The trial court's responses to his objections made it obvious that it was not disposed to grant either request. Given the circumstances, we believe that defense counsel did all that was required of him. Moreover, counting defendant's motion for a new trial, the trial court had three opportunities to correct the prejudice to defendant. The error was adequately preserved.

Reversed and remanded for a new trial.