STATE OF OREGON,
*Respondent,*

*v.*

CHARLES LOUIS ALLEN,
*Appellant.*

(P086314; CA A63897)

802 P2d 690

John Henry Hingson III, Oregon City, argued the cause and filed the brief for appellant.

Diane S. Lefkow, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

### EDMONDS, J.

Defendant appeals his conviction for driving while under the influence of intoxicants (DUII). ORS 813.010. We affirm.

Defendant assigns as error the trial court's failure to grant his motion to suppress his breath test results. At trial, the state offered in evidence the Intoxilyzer result, which showed that he had a .11 blood alcohol level. Defendant had testified that he had put tobacco in his mouth less than 15 minutes before he submitted to the breath test; the testing officer said that he had not. Defendant moved to suppress the test results on the ground that the testing officer failed to comply with OAR 257-30-020(1)(b):

> "[T]he operator must make certain the subject has not taken anything by mouth (drinking, smoking, eating, taking medications, etc.)[,] vomited, or regurgitated liquid from his stomach into his mouth for at least fifteen minutes before the test."

The trial court denied the motion without indicating which witness it believed. Defendant asserts that we should remand to the trial court for express findings of fact. The state contends that, "[b]ecause disposition of the motion necessarily turned on which witness the trial court found credible, the court's denial of the motion clearly demonstrated without more whom the court believed." We agree. Trial courts are strongly encouraged to make findings of fact, particularly when credibility is in issue. *See, e.g., State v. Wise,* 305 Or 78, 81, 749 P2d 1179 (1988). The court's failure to do so under the circumstances in this case was not reversible error.

Defendant also assigns as error the trial court's denial of his motion for judgment of acquittal. He makes several arguments in support of that assignment. First, he asserts that the trial court erred because the state presented no evidence concerning his blood alcohol level other than his breath test results. ORS 813.010(1)(a) provides:

> "A person commits the offense of driving while under the influence of intoxicants if the person drives a vehicle while the person:
>
> "(a)  Has .08 percent or more by weight of alcohol in the blood of the person *as shown by* chemical analysis of the

breath or blood of the person made under ORS 813.100, 813.140 or 813.150[.]" (Emphasis supplied.)

Under ORS 813.010(1)(a), the state must *prove* the actual percentage of alcohol in a person's blood by a properly performed chemical analysis of his breath or blood. *State v. Clark,* 286 Or 33, 45, 593 P2d 123 (1979). That may be accomplished by showing that the breath test was conducted according to the standards in ORS 813.160(1)(b) and OAR, Chapter 257, Division 30.[1] *See State v. Broyles,* 94 Or App 334, 765 P2d 239 (1988).

Here, in addition to the breath test results, the state submitted evidence of the testing officer's operating permit, the certification forms of the testing equipment and an Intoxilyzer operator's checklist. That evidence demonstrates that the state complied with the requirements of ORS 813.160(1)(b) and the rules and suffices to prove defendant's blood alcohol level.

■ Next, defendant maintains that "the Oregon Administrative Rules did not fill the evidentiary gap between the mere [breath test] instrument reading and the conclusion of a certain blood alcohol level[,]" because they are silent as to the correlation between an alcohol breath test result and a blood alcohol level. OAR 257-30-005 describes the approval of

---

[1] ORS 813.160(1)(b) provides:

"Chemical analyses of a person's breath shall be performed by an individual possessing a valid permit to perform such analyses issued by the Department of State Police and shall be performed according to methods approved by the Department of State Police. For purposes of this paragraph, the Department of State Police shall do all of the following:

"(A) Approve methods of performing chemical analyses of a person's breath.

"(B) Prepare manuals and conduct courses throughout the state for training of police officers in chemical analyses of a person's breath * * *.

"(C) Test and certify the accuracy of equipment to be used by police officers for chemical analyses of a person's breath * * *.

"(D) Ascertain the qualifications and competence of individuals to conduct such analyses in accordance with one or more methods approved by the department.

"(E) Issue permits to individuals according to their qualifications. Permits shall be issued to police officers only upon satisfactory completion of the prescribed training course and written examination."

The rules list approved breath testing equipment and describe the proper methods of operating that equipment.

breath testing methods,[2] and OAR 257-30-035 outlines the procedure for certifying the accuracy of breath test equipment.[3] The legislature has deemed that a breath test conducted in accordance with those rules accurately reflects a person's blood alcohol content.

However, defendant asserts that, if the rules have that effect, they create an unconstitutional presumption, because the state does not have to prove an element of the crime, *i.e.,* that defendant had .08 percent or more by weight of alcohol in his blood as required by ORS 813.010(1)(a). He refers us to *State v. Rainey,* 298 Or 459, 693 P2d 635 (1985), in support of that assertion. There, the defendant was convicted of knowingly delivering marijuana in violation of ORS 475.992(2)(a). The trial judge instructed the jury that "[p]roof of unlawful delivery of a controlled substance is *prima facie* evidence of knowledge of its character." 298 Or at 462. The court held that the instruction constituted reversible error, because it had the effect of relieving the state of the burden of proving that defendant knew that the substance he was delivering was marijuana. The court said:

"The instruction stated a rebuttable presumption against the accused. Thus, the burden of persuasion on a fact necessary to constitute the crime charged, which was an element of the offense, was placed on the criminal defendant. We hold that this allocation was an unlawful denial of the right of defendant

[2] OAR 257-30-005(1) provides:

"Approval of any instrument or equipment to be used for the testing of a person's breath to determine the alcoholic content may be issued by trained technicians of the Oregon State Police Crime Detection Laboratory after evaluation by one or more of the following means:

"(a) Submission by the manufacturer or distributor of the instrument of at least two reports of studies *correlating blood analyses and breath tests* performed with this instrument * * *.

"(b) Provision of a production model of the instrument by the manufacturer or distributor to the Oregon State Police for a sufficient period of time to allow Oregon State Police Crime Detection Laboratory technicians to conduct sufficient investigation and laboratory tests *to adequately ascertain its accuracy and reproductivity.*" (Emphasis supplied.)

[3] OAR 257-30-035 provides:

"A trained technician of the Oregon State Police Crime Detection Laboratory conducting an accuracy test of an approved breath testing instrument shall certify the accuracy of the instrument if accuracy test performance is within the range of 0.01 high to 0.02 low from the expected value of a reference sample provided by the Laboratory."

to be convicted only upon proof of guilt beyond a reasonable doubt. ORS 136.415." 298 Or at 468.

Defendant argues that a similar problem underlies ORS 813.010(1)(a). He asserts that proof of his breath test result allows the factfinder to *presume* unlawfully that it accurately reflects his blood alcohol level. We disagree. Read as a whole, ORS 813.010(1)(a) constitutes one element of the crime of DUII. It requires the state to prove that defendant's blood alcohol level is .08 percent or more by weight *as shown by* chemical analysis of his breath or blood. No presumption arises from the proof of that element by that means, and the state is not relieved from proving any other element.

■    Defendant next asserts that his conviction should be reversed because the breath test results underlying his conviction were based on the "presumption" that every individual has a partition coefficient of 2100:1.[4] We reject that argument, because it is an attempt to challenge the validity and reliability of the scientific principles underlying alcohol breath tests. Those tests have been approved by the legislature, and defendant's argument can only be addressed to that body. *See* Kirkpatrick, *Oregon Evidence* 452 (2d ed 1989); *United States v. Gainey,* 380 US 63, 67, 85 S Ct 754, 13 L Ed 2d 658 (1965).[5]

■    Defendant also asserts that, to meet its burden of persuasion, the state must present evidence regarding his partition coefficient. We dismissed that argument as without merit in *State v. Lundbom,* 96 Or App 458, 773 P2d 11, *rev den* 308 Or 382 (1989). We do so again. As we stated earlier, the legislature has defined DUII in such a way that, to prove a person's blood alcohol level by use of an alcohol breath test,

---

[4] A partition coefficient is the ratio of blood alcohol to breath alcohol. Modern breath testing devices use the 2100:1 partition coefficient to calculate a subject's blood alcohol level. *See, e.g., State v. Brayman,* 110 Wash 2d 183, 751 P2d 294 (1988). The ratio was established as a result of empirical studies, which showed that the actual average partition coefficient is 2300:1. The 2100:1 figure was adopted to avoid erroneously high readings. *State v. Downie,* 117 NJ 450, 569 A2d 242 (1990).

[5] In *United States v. Gainey,* the Court said:

"The process of making the determination of rationality is, by its nature, highly empirical, and *in matters not within specialized judicial competence* or completely commonplace, significant weight should be accorded the capacity of Congress to amass the stuff of actual experience and cull conclusions from it * * *." 380 US at 67. (Emphasis supplied.)

We accord the state legislature the same deference in this instance.

the state need only show that the test result falls within the parameters of ORS 813.010(1) and that the test meets the standards in ORS 813.160(1)(b) and the applicable rules. *See State v. Clark, supra; State v. Broyles, supra.*

■    Lastly, defendant maintains that he was not "obliged" to present evidence regarding his partition coefficient. We agree. However, as we said in *State v. Clark,* 35 Or App 851, 856, 583 P2d 1142, *aff'd* 286 Or 33, 593 P2d 123 (1979):

> "The gravamen of [ORS 183.010(1)(a)] is driving with a certain blood alcohol level. The legislature has seen fit to forbid this act, without more. The correctness of the evidence tending to establish the blood alcohol level is thus crucial. Equally crucial is defendant's *right* to attack the evidence of blood alcohol level." (Emphasis supplied.)

*See also* ORS 813.150. If a defendant wishes to offer evidence that his partition coefficient is other than 2100:1, he is free to do so. That right does not shift the burden of persuasion to him; rather, it simply gives him the opportunity to rebut the state's evidence. The trial court did not err when it denied his motion for judgment of acquittal.

Affirmed.