Argued and submitted May 23, affirmed December 19, 1990

## STATE OF OREGON,
*Respondent,*

*v.*

## WILLIAM RODGERS ANDES,
*Appellant.*

(8910232; CA A61742)

803 P2d 273

John Henry Hingson III, Oregon City, argued the cause and filed the brief for appellant.

Jas J. Adams, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

**NEWMAN, J.**

Defendant appeals his DUII conviction. ORS 813.010. An officer arrested him after he failed field sobriety tests. Thereafter, the officer administered a breath test, using an Intoxilyzer Model 4011A. It showed that defendant had a .20 blood alcohol level. After trial to a jury, defendant was convicted. We affirm.

■ Defendant assigns as error that the court denied his motion to require the state to disclose information in its possession of all instances relating to the operation of the Intoxilyzer Model 4011A when an individual took multiple tests and the results varied, when there was a discrepancy in results between blood and breath tests for a single individual or when "other circumstances" led an officer to question the result of an intoxilyzer test. Defendant's right to discovery under ORS 135.815 and ORS 135.825 does not include *unlimited* requests for information about cases of other individuals or other Intoxilyzer machines. In addition, defendant did not simply request access to the information, but also that the state compile the results for him. That was not the state's responsibility. *See State v. Vargas,* 74 Or App 588, 595, 704 P2d 125, *rev den* 300 Or 180 (1985). Defendant's request was too broad. As to a constitutional right to discovery, *see State v. Koennecke,* 274 Or 169, 182, 545 P2d 127 (1976); *Brady v. Maryland,* 373 US 83, 83 S Ct 1194, 10 L Ed 2d 215 (1963), defendant did not show that the information that he seeks about other machines and other individuals is favorable and material to his guilt or innocence. *See State v. Bodenschatz,* 62 Or App 606, 612, 662 P2d 1, *rev den* 295 Or 446 (1983). The court did not abuse its discretion in denying defendant's discovery motion. *See State v. McKendall,* 36 Or App 187, 197, 584 P2d 316 (1978).

■ Defendant next assigns as error that the court excluded a police officer's testimony about subsequent tests of other individuals on the same Intoxilyzer on which the police tested defendant. Eight months after defendant took the breath test, another individual took two breath tests on that machine within a two-minute period. The test showed a blood alcohol content for that individual of .18 and then .15. Breath test machines, however, must be certified as accurate at regular intervals not to exceed 90 days. ORS 813.160(1)(b)(C).

The court did not err when it exercised its discretion to exclude the testimony.

■        Defendant assigns as error that the court refused to exclude the breath test result, arguing that the result is unreliable and that its prejudicial effect outweighs its probative value. Defendant also assigns as error that the court denied his motion for judgment of acquittal on the ground that the state failed to prove that defendant's "partition coefficient" was 2100:1.[1] These assignments, and defendant's arguments in support of them, were presented nearly *verbatim* and rejected in *State v. Lundbom,* 96 Or App 458, 773 P2d 11, *rev den* 308 Or 382 (1989). We reject them again. *See also State v. Allen,* 104 Or App 622, 802 P2d 690 (1990).

■        Defendant also assigns as error that the court refused to exclude the breath test result "as expert testimony without facts or data underlying the expert opinion." Apparently, what defendant means is that the court erred because defendant could not cross-examine the breath test result itself. Defendant, however, introduced expert testimony to interpret the test result and cross-examined the state's expert. His contention that he was unable to cross-examine the test result is at best an assertion that the state must lay a foundation by expert testimony to establish the admissibility of the test result. ORS chapter 813, including the Implied Consent Law, makes the breath test result admissible without a foundation in expert testimony. The assignment lacks merit.

■ ■        Defendant's sixth and seventh assignments assert that it was error for the court to give instructions based on Oregon Uniform Criminal Jury Instructions 2703 and 2709 to the effect that a DUII conviction can be based on a blood alcohol level of .08 percent, "as shown by chemical analysis of [defendant's] breath."[2] Defendant argues that the quoted lan-

---

[1] The partition coefficient is the ratio of blood alcohol to breath alcohol.

[2] The court instructed the jury:

"A person commits the offense of driving while under the influence of intoxicants if he drives a vehicle upon any premises open to the public, including the public highways, while he has .08 percent or more by weight of alcohol in his blood, *as shown by chemical analysis of his breath,* or is under the influence of intoxicating liquor. To establish the crime of driving while under the influence of intoxicants, the state must prove beyond a reasonable doubt each of the following

guage, which is drawn from ORS 813.010(1)(a),[3] constitutes an improper judicial comment on the evidence. It does not.

Defendant also contends that the instructions establish a "mandatory presumption" that the breath test result is the blood alcohol content. They do not. The words "as shown by" are simply part of the definition of the offense. The reliability of the breath test was a contested issue at trial. The court did not instruct the jury that it must accept the breath test result as the blood alcohol content. Rather, it instructed:

"As jurors, it's your sole responsibility to make all of the decisions about the facts in this case. You must evaluate the evidence to determine how reliable or how believable the evidence is."

The jury could not rationally have understood that the contested instructions meant that the breath test result was binding on it. *See State v. Clark,* 286 Or 33, 36, 593 P2d 123 (1979).

Affirmed.

---

elements:

"1. That the act was committed in Clackamas County, Oregon;

"2. That the act was committed on the fourteenth day of January, 1989;

"3. That the defendant drove a vehicle on premises open to the public;

"4. That while driving the vehicle, the defendant had .08 percent or more by weight of alcohol in his blood, *as shown by chemical analysis of his breath,* or was under the influence of intoxicating liquor.

"* * * * *

"If you find from the evidence that the amount of alcohol in the defendant's blood at the time he was driving was less than .08 percent by weight of alcohol, *as shown by chemical analysis of his breath,* then you may consider this with any other evidence in the case to determine whether or not defendant was then under the influence of intoxicating liquor. If you find from the evidence that the amount of alcohol in the defendant's blood at the time he was driving was equal to or greater than .08 percent by weight of alcohol, *as shown by chemical analysis of his breath,* this constitutes being under the influence of intoxicating liquor." (Emphasis supplied.)

[3] ORS 813.010(1)(a) provides:

"(1) A person commits the offense of driving under the influence of intoxicants if the person drives a vehicle while the person:

"(a) Has .08 percent or more by weight of alcohol in the blood of the person as shown by chemical analysis of the breath or blood of the person made under ORS 813.010, 813.140 or 813.150[.]"