Argued and submitted November 1, 2001, affirmed January 9, 2002

Gregory R. BORNHOFT,
*Appellant,*

*v.*

Rand K. AUBRY
and J. R. Simplot Company,
*Respondents.*

J. R. SIMPLOT COMPANY,
*Respondent,*

*v.*

GEO-CENTERS, INC.,
*Appellant.*

Rand K. AUBRY,
*Respondent,*

*and*

Diane M. AUBRY,
*Plaintiff,*

*v.*

Alan CRANDALL,
*Defendant,*

*and*

Gregory Robert BORNHOFT
and GEO-Centers, Inc.,
*Appellants.*

CV98-1166 and CV98-0140; A109261 (Control) and A109264
(Cases Consolidated)

37 P3d 1049

Roderic S. MacMillan argued the cause for appellants Gregory Robert Bornhoft and Geo-Centers, Inc. With him on the briefs were Leslie A. Kocher and MacMillan, Scholz & Marks, P.C.

Thomas P. Mains, Jr., McLean, Virginia, argued the cause for appellant Gregory Robert Bornhoft.

W. Eugene Hallman argued the cause and filed the brief for respondent Rand K. Aubry. Christopher A. Rycewicz argued the cause and joined in the brief for respondents Rand K. Aubry and J. R. Simplot Company.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

SCHUMAN, J.

## SCHUMAN, J.

These personal injury actions, consolidated at trial, arise out of a collision between a westbound passenger van and an eastbound tractor-trailer on an undivided four-lane highway near Hermiston. At trial, fault hinged on the answer to one question: Did the van slide into the truck's lane, or vice versa? The jury returned a verdict in favor of the truck driver and his employer, Simplot. The van driver and his employer appeal, challenging the trial court's order granting respondents' motion *in limine* that excluded any reference to a particular accident reconstruction expert. However, appellants' only argument before this court is one that they did not make below and which we therefore do not address. We affirm.

In the first of these consolidated cases, Rand Aubry (Aubry), driver of the truck, brought an action against Gregory Bornhoft (Bornhoft), the van driver; Alan Crandall, his passenger; and Geo-Centers, Inc., their employer. In the second, Bornhoft brought an action against Aubrey and his employer, J. R. Simplot Company (Simplot). Simplot filed a counterclaim against Bornhoft and a third-party claim against Geo-Centers, Inc. The cases were consolidated for trial, and judgment was entered on a jury verdict in favor of Aubry and Simplot on all claims and counterclaims. Bornhoft and Geo-Centers, Inc. now appeal. For simplicity's sake we will refer to Bornhoft/Geo-Centers, Inc. as appellants and Aubry/Simplot as respondents.

In earlier Washington state litigation regarding the accident at issue in this case, respondents had retained Dr. Blotter, an accident reconstruction expert, and obtained from him a deposition containing his opinion about how the accident occurred. Subsequently, at a pretrial hearing in this case, respondents announced that they would not be calling Blotter as a witness and filed a motion *in limine* seeking to preclude any and all references by any party, witness, or counsel to him, to his Washington testimony or opinions, or to the fact that he had been retained. Respondents argued that, because they were not going to call Blotter as a witness in these cases, any comment on or reference to his earlier testimony or opinions would be inadmissable hearsay. They

argued that, although an expert may base an opinion on facts and data not admitted into evidence, he or she may not testify as to those underlying facts and data if they are not otherwise admissible. OEC 703; *Stevens v. Horton,* 161 Or App 454, 465, 984 P2d 868 (1999), *rev den* 331 Or 692 (2001) ("Nothing in OEC 703 suggests that otherwise inadmissible evidence is admissible simply because it was the basis for the expert's opinion."); *State v. Knepper,* 62 Or App 623, 661 P2d 560 (1983) (same). Respondents thus sought to exclude not only the opinion of Blotter and the fact that respondents had retained him but also any otherwise inadmissible data generated by Blotter during his investigation of the crash site.

At oral argument on the motion, appellants maintained that they did not intend to put Blotter's opinion into evidence and therefore did not object to the motion insofar as it sought to exclude evidence of Blotter's theory of how the accident happened. Appellants argued, however, that they should be allowed to refer to Blotter's investigation and previous retention by respondents during opening and closing argument. Appellants apparently wanted to argue that respondents' theory of how the accident happened had changed over time, in part in response to the findings and opinions of Blotter—which appellants' counsel represented "could not support" Aubry's version of events. Appellants also argued that, if they had known respondents would not be calling Blotter as an expert, they would have subpoenaed him themselves to testify as a fact witness, because Blotter visited the scene shortly after the collision. Finally, appellants argued that they should be allowed to use Blotter's findings and opinions to cross-examine respondents' new expert. In support of that argument, appellants asserted that respondents' new expert "certainly is relying on and has seen [Blotter's] report," although that assertion was pure conjecture.

Despite the fact that respondents' motion *in limine* was based on the theory that the evidence they sought to exclude would be hearsay, respondents did not argue that the deposition (which appellants had lawfully obtained through discovery under Washington law) was admissible under OEC

804(3)(a)[1] or ORS 45.250(2)(c),[2] statutes that may permit admission of depositions under some circumstances. Nor did they disclose the contents of that deposition testimony or details of Blotter's opinion as to how the accident occurred, other than to represent that it differed from that of appellants' own expert and presumably from respondents' new expert as well.

■     On appeal, however, appellants focus their argument on the admissibility of Blotter's deposition testimony; indeed, their sole argument on appeal is that the deposition was admissible under ORS 45.250(2)(c) and OEC 804(3)(a) and that its exclusion was prejudicial to their case. Respondents contend that appellants did not make that argument to the trial court, that they made no adequate offer of proof, and that, in any event, ORS 45.250(2)(c) and OEC 804(3)(a) do not apply in the circumstances of this case. We agree with respondents that appellants' argument was not properly preserved. We therefore do not reach the question of whether appellants made an adequate offer of proof or of whether Blotter's deposition was wrongly excluded.

■     Appellants never argued to the trial court that Blotter's deposition is within the former testimony exception to the hearsay rule—the specific legal grounds for admission of the deposition that they advance on appeal. Neither during argument on respondents' motion *in limine*, nor at any other time prior to appeal, did appellants refer to ORS 45.250(2)(c),

---

[1] OEC 804(3) provides, in part:

"The following are not excluded * * * if the declarant is unavailable as a witness:

"(a)  Testimony given as a witness * * * in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered * * * had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination."

[2] ORS 45.250(2) provides, in part:

"At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence, may be used against any party for any purpose, if the party was present or represented at the taking of the deposition or had due notice thereof, and if the court finds that:

"* * * * *

"(c)  The party offering the deposition has been unable to procure the attendance of the witness by subpoena[.]"

OEC 804(3)(a), or any other hearsay exception. As the Oregon Supreme Court has held, "[a] party owes the trial court the obligation of a sound, clear and articulate motion, objection or exception, so as to permit the trial judge a chance to consider the legal contention[.]" *Shields v. Campbell*, 277 Or 71, 77, 559 P2d 1275 (1977). Here, for example, the trial court had no opportunity to explore or evaluate the factual predicate to appellants' arguments on appeal—that Blotter was unavailable for live testimony. Thus, appellants' argument to this court that the deposition was admissible as an exception to the hearsay rule was not adequately preserved for review. *State v. Wilson,* 323 Or 498, 512, 918 P2d 820 (1996), *cert den* 519 US 1065 (1997) (failure to argue and cite particular objection to admission of hearsay evidence at trial precludes raising it on appeal).

Respondents also request damages under ORS 19.445, which provides for a penalty of 10 percent of the judgment if the Court of Appeals affirms and finds that there was not "probable cause for taking the appeal." The standard for "probable cause" under ORS 19.445 is "whether any reasonable lawyer would conclude that any of the legal points asserted on appeal possessed legal merit." *Broyles v. Brown,* 295 Or 795, 801, 671 P2d 94 (1983). We deny respondents' request.

Affirmed.