This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**MARIO ALDERETE, DONALD MEDINA, JESSE SERNA, GEORGE ALLEN WYLER, JERONIMO RIVERA, GILBERT KOZLOWSKI, RICHARD BARROS, JOSEPH TAFOYA, ANGELO GALLEGOS, MIKE FARIAS,**

     Plaintiffs-Appellants,

and                                                                     **Nos. 33,151; 33,380; 33,714 (consolidated)**

**SAM BEATTY,**

     Plaintiff-Appellant,

v.

**CITY OF ALBUQUERQUE**,

     Defendant-Appellee,

and

**AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES 3022**,

     Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Beatrice Brickhouse, District Judge**

The Gilpin Law Firm, LLC
Donald Gilpin
Albuquerque, NM

for Appellants

David Tourek, City Attorney
Rebecca E. Wardlaw, Assistant City Attorney
Samantha M. Hults, Assistant City Attorney
Stevie D. Nichols, Assistant City Attorney
Melissa M. Kountz, Assistant City Attorney
Marie Legrand Miller, Assistant City Attorney
Kellie J. Garcia, Assistant City Attorney

for Appellee City of Albuquerque

Youtz & Valdez, P.C.
Shane Youtz
Stephen Curtice
James A. Montalbano

for Appellee AFSCME

## MEMORANDUM OPINION

**VIGIL, Judge.**

{1}     Plaintiffs are City of Albuquerque (the City) Solid Waste Management Department (SWMD) employees who filed a breach of contract claim against the City, and a breach of duty of fair representation against their union, the American Federation of State, County and Municipal Employees, Local 3022 (AFSCME). The

2

district court granted summary judgment to the City and AFSCME, and Plaintiffs appeal. We affirm.

**BACKGROUND**

{2}     This is a memorandum opinion; as such, we only recite the facts as necessary for resolution of the issues. Plaintiffs all occupy M-series, grade 14 (M14), step 2 positions under the City's Personnel Rules and Regulations (PRRs). Plaintiffs contend that the City violated the PRRs and the collective bargaining agreement (CBA) with AFSCME by not placing all M14 level employees in the same step classification, and that AFSCME wrongly refused to file a grievance to inquire why all M14 employees do not occupy the same step classification. Plaintiff Samuel Beatty also alleges that the City violated its agreement to maintain his pay and step 3 classification upon his transfer into the SWMD.

{3}     In three separate orders, resulting in three appeals, which we have consolidated, the district court granted summary judgment in favor of the City and AFSCME on these claims.

**DISCUSSION**

{4}     "An appeal from the grant of a motion for summary judgment presents a question of law and is reviewed de novo." *Montgomery v. Lomos Altos, Inc.*, 2007-NMSC-002, ¶ 16, 141 N.M. 21, 150 P.3d 971. We review the whole record to

determine whether any evidence puts a material fact in issue. *Pharmaseal Labs., Inc. v. Goffe*, 1977-NMSC-071, ¶ 18, 90 N.M. 753, 568 P.2d 589. Having read the record, the parties' briefs, and held oral argument, we agree with the district court's grant of summary judgment.  Briefly we address our holding to affirm.

**No Breach of Implied Employment Contract**

{5}      To prevail on a breach of contract claim, Plaintiffs are required to prove a valid contract, breach of the contract, and damages. *See Constr. Contracting & Mgmt., Inc. v. McConnell*, 1991-NMSC-066, ¶ 10, 112 N.M. 371, 815 P.2d 1161. It is undisputed that Plaintiffs and the City have an implied employment contract through the PRRs. *See Newberry v. Allied Stores, Inc.*, 1989-NMSC-024, ¶ 7, 108 N.M. 424, 773 P.2d 1231 ("Under New Mexico law, a personnel manual gives rise to an implied contract if it controlled the employer-employee relationship and an employee could reasonably expect his employer to conform to the procedures it outlined."). However, it is also an undisputed fact that the City has properly classified and pays each Plaintiff in accordance with the PRRs. Two essential elements of Plaintiffs' breach of contract claim are therefore absent, breach of the contract and damages. Nevertheless, Plaintiffs contend that because another City employee identified as Juan Jojola, who is not a plaintiff, allegedly was classified as a M14, step 3 employee contrary to certain written procedural requirements of the PRRs, Plaintiffs are entitled to pursue

4

a breach of contract claim. The Court is not aware of any authority to support Plaintiffs' contention. Plaintiffs do not present any authority supporting this argument, and we do not consider propositions that are unsupported by citation to authority. *ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969; *see also In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (stating that where a party cites no authority to support an argument, we may assume no such authority exists). Summary judgment was properly granted on the breach of contract claim.

**No Breach of Beatty's Transfer Agreement**

{6}     The City agreed to transfer Plaintiff Beatty to the SWMD M14 position and maintain his pay and "step 3" classification. Beatty argues that the City breached its contract by subsequently reclassifying him to "step 2" and by reducing his pay. Due to subsequent collective bargaining agreements in accordance with the law after Beatty's transfer, he was properly reclassified as a "step 2," but maintained his same "step 3" pay rate. In 2010, pursuant to another collective bargaining agreement, all of the City's employees had their pay reduced, including Beatty. The undisputed facts establish that the City continued to maintain Beatty's proper level of "step 3" pay after his transfer, and that the change in Beatty's classification and pay rate was in

accordance with the CBA and independent of his transfer. Summary judgment was proper on this claim as well.

**No Breach of AFSCME's Duty of Fair Representation**

{7}     The City's breach of its CBA with AFSCME is essential to Plaintiffs' claim that AFSCME breached its duty of fair representation. *Akins v. United Steelworkers of Am.*, 2010-NMSC-031, ¶ 11, 148 N.M. 442, 237 P.3d 744 (setting forth elements of a duty of fair representation claim). However, Plaintiffs failed to present material issues of fact that they are not paid in accordance with the PRRs or the CBA, and summary judgment was properly granted in favor of AFSCME.

**CONCLUSION**

{8}     The orders of the district court granting summary judgment in favor of the City and AFSCME are affirmed.

{9}     **IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Chief Judge**

**I CONCUR:**

_____
**TIMOTHY L. GARCIA, Judge**

**LINDA M. VANZI, Judge (specially concurring).**

6

**VANZI, Judge (specially concurring).**

{10}    I concur in the result. I write separately because I believe the parties are entitled to a more detailed explanation as to the reasons for our affirmance.

_____

**LINDA M. VANZI, Judge**

7