Argued and submitted November 12, reversed and remanded December 23, 2020, petition for review denied March 18, 2021 (367 Or 709)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAKOTA MARIE PROSE,
*Defendant-Appellant.*

Washington County Circuit Court
18CR06296; A170252

478 P3d 606

Theodore E. Sims, Judge.

Stacy M. Du Clos, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Greg Rios, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Reversed and remanded.

**PER CURIAM**

Defendant appeals from a judgment of conviction for first-degree criminal mistreatment, ORS 163.205, for withholding necessary and adequate care for her three-month-old son, L. The state's case was based on evidence that defendant and her codefendant, Eisenbeisz (L's father), had gone on a methamphetamine binge while L was in their apartment. The binge ended when Eisenbeisz overdosed and required hospitalization, which prompted a Department of Human Services investigation that revealed methamphetamine in L's system.

In her first assignment of error, defendant argues that the state's evidence was legally insufficient to establish the type of risk to L that is required under ORS 163.205. Having considered the record in light of our cases construing that statute, including *State v. Burciaga*, 263 Or App 440, 328 P3d 782, *adh'd to on recons*, 264 Or App 506, 333 P3d 1098, *rev den*, 356 Or 575 (2014), we reject that assignment of error without additional discussion. In her remaining assignments, defendant contends that the trial court erred by admitting a pediatrician's testimony about the results of L's urine test. The state concedes that, although the pediatrician was entitled to rely on the results to form her opinion, her testimony should not have been admitted as substantive evidence of the test results over defendant's hearsay objection. The state further concedes that the evidential error was prejudicial and requires us to reverse and remand defendant's conviction. We agree with and accept the state's concession. *See State v. Knepper*, 62 Or App 623, 626, 661 P2d 560 (1983) ("OEC 703 does not authorize an expert witness to tell the jury the inadmissible details of the basis of his opinion.").

Reversed and remanded.